IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DONACIANO MATA, Individually and on**          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.          No. 2:22-cv-12000-JJCG

**VIBRACOUSTIC USA, INC.**          **DEFENDANT**

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE

Plaintiff, Donaciano Mata, and Defendant, Vibracoustic USA, Inc., by and through their undersigned attorneys, move to approve their Settlement Agreement, Release of All Claims, and Confidentiality Agreement ("Agreement") for the reasons set forth in the accompanying brief. A fully executed copy of the Agreement is being submitted to the Court *in camera* contemporaneously with the filing of this Motion, consistent with the Court's previously entered *Stipulated Order for In Camera Review of Proposed FLSA Settlement Agreement* (ECF No. 19).

WHEREFORE, Plaintiff and Defendant request that the Court enter an Order approving the Agreement, dismissing this Action with prejudice, and for all other relief to which they may be entitled.

Page 1 of 8
Donaciano Mata, et al. v. Vibracoustic USA, Inc.
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12000-JJCG
Joint Motion for Approval of Settlement and
Dismissal of Action with Prejudice

BRIEF IN SUPPORT

I. Introduction

Plaintiff filed the Complaint in this action on August 25, 2022, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and the Michigan Workforce Opportunity Wage Act, MCL § 408.931, et seq. ("WOWA"). *See* ECF No. 1. Plaintiff asserts that he received nondiscretionary bonuses and was paid an overtime rate that was calculated without including said nondiscretionary bonuses, resulting in Defendant's failure to pay Plaintiff a lawful overtime premium for hours worked in excess of 40 per week. *Id.* Defendant denies Plaintiff's allegations, and affirmatively represents that Plaintiff was properly paid for all overtime worked. *See* ECF No. 4.

During the course of this litigation, the Parties engaged in informal and formal discovery regarding Plaintiff's time records and payroll data, including discovery regarding Plaintiff's bonuses received. Following this discovery, the Parties entered into settlement negotiations which ultimately culminated in the Agreement resolving the litigation in full.

Page 2 of 8
Donaciano Mata, et al. v. Vibracoustic USA, Inc.
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12000-JJCG
Joint Motion for Approval of Settlement and
Dismissal of Action with Prejudice

II. Argument

A. Settlement Approval Under the FLSA

As a general rule, the Sixth Circuit tends to hold that claims under the FLSA "may not be settled without supervision of either the Secretary of Labor or a district court." *See Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-CV-12302, 2015 WL 1444400, at *1 (E.D. Mich. Jan. 12, 2015 (citations omitted)). Consistent with this, during a status conference held September 18, 2023, this Court indicated to the Parties that Court approval of their settlement agreement will be required. The Parties therefore request the Court's review of the Agreement and issuance of an Order approving the Agreement as fair, adequate, and reasonable.

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Smolinski v. Ruben & Michelle Enterprises Inc.*, No. 16-CV-13612, 2017 WL 835592, at *1 (E.D. Mich. Mar. 3, 2017) (citing *Snook*, No. 14-cv-12302, at *1; and *Lynn's Food Stores, Inc.*, 679 F.2d at 1353 (other citations omitted)). A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Id.*

Page 3 of 8
Donaciano Mata, et al. v. Vibracoustic USA, Inc.
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12000-JJCG
Joint Motion for Approval of Settlement and
Dismissal of Action with Prejudice

If a proposed settlement is a reasonable compromise of contested issues, the court should approve the settlement:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

Here, the settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. It is clear that this litigation represents an actual dispute over wages owed to Plaintiff due to the sufficiency of the overtime rate paid to him by Defendant. Plaintiff and his counsel have specifically weighed the potential value of the claims based on time and pay records gathered from the Parties related to the alleged improper overtime calculation against the potential for receiving nothing at trial. From this, Plaintiff has concluded that the proposed settlement provides a fair and reasonable resolution of the claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation and appeals, despite Defendant's denial of the claims.

Page 4 of 8
Donaciano Mata, et al. v. Vibracoustic USA, Inc.
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12000-JJCG
Joint Motion for Approval of Settlement and
Dismissal of Action with Prejudice

Under the terms of the settlement, Plaintiff is receiving the full amount of back wages and an equal amount of liquidated damages that he alleges he is owed. To calculate this amount, Plaintiff's counsel made an Excel spreadsheet which recorded Plaintiff's total damages owed if every allegation was construed in his favor. The spreadsheet takes into account Plaintiff's days worked, recorded hours for each day, and Plaintiff's bonuses received, comparing Plaintiff's actual overtime rate of pay with the alleged legally required rate of pay, which includes bonuses received. While Defendant maintains it is not liable to Plaintiff for any amount, using these metrics, Plaintiff is receiving over 100% of his maximum calculated damages, including liquidated damages.

B. Attorney's Fees

Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The settlement amount designated as fees and costs in the Agreement is over and above Plaintiff's settlement amount, and was reached only after a settlement as to Plaintiff's liability damages was reached. Accordingly, Plaintiff's position is that this amount is properly excluded from judicial review. See *Barbee v. Big River*

Page 5 of 8
Donaciano Mata, et al. v. Vibracoustic USA, Inc.
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12000-JJCG
Joint Motion for Approval of Settlement and
Dismissal of Action with Prejudice

*Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees.").

If the Court nevertheless wishes to determine the reasonableness of the fees and costs, Plaintiff's counsel avers that it is reasonable. Plaintiff's counsel has incurred billed fees and costs exceeding the amount to be paid under the terms of the settlement amount, at a blended hourly rate of $221.58. Plaintiff's counsel will provide its billing information to the Court if it determines that this level of detail is necessary, although it would request that the Court would allow the submission of this information *in camera*.

### III. Conclusion

The parties respectfully request that the Court enter an Order approving the Agreement and dismiss this Action with prejudice.

Page 6 of 8
Donaciano Mata, et al. v. Vibracoustic USA, Inc.
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12000-JJCG
Joint Motion for Approval of Settlement and
Dismissal of Action with Prejudice

Respectfully submitted,

**DONACIANO MATA, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

and   **DEFENDANT VIBRACOUSTIC USA, INC.**

CLARK HILL PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
Telephone: (313) 965-8300

*/s/ Hannah K. Reisdorff*
Hannah K. Reisdorff
MI Bar No. P80101
hreisdorff@clarkhill.com

David M. Cessante
MI Bar No. P58796
dcessante@clarkhill.com

Page 7 of 8
Donaciano Mata, et al. v. Vibracoustic USA, Inc.
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12000-JJCG
Joint Motion for Approval of Settlement and
Dismissal of Action with Prejudice

## CERTIFICATE OF SERVICE

 I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing pleading was filed via the CM/ECF system, which will provide notice to the following attorneys of record:

David M. Cessante, Esq.
Hannah K. Reisdorff, Esq.
CLARK HILL PLC
500 Woodward Avenue - Suite 3500
Detroit, Michigan 48226
dcessante@clarkhill.com
hreisdorff@clarkhill.com
Attorneys for Defendant

*/s/ Sean Short*
**Sean Short**

Page 8 of 8
Donaciano Mata, et al. v. Vibracoustic USA, Inc.
U.S.D.C. (E.D. Mich.) No. 2:22-cv-12000-JJCG
Joint Motion for Approval of Settlement and
Dismissal of Action with Prejudice